UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X
GREAT AMERICAN INSURANCE COMPANY a/s/o 110
LIVINGSTON DEVELOPMENT LLC,

                            Plaintiff,

      -against-

INTEGRATED HVAC SYSTEMS & SERVICES INC.,
BALTIMORE AIRCOIL COMPANY, INC., and AUTOMATIC
SWITCH COMPANY,

                            Defendants,

INTEGRATED HVAC SYSTEMS & SERVICES INC.,

                         Third-Party Plaintiff.
      -against-

TWO TREES MANAGEMENT CO., LLC,  and TWO TREES LLC,

                        Third-Party Defendants.
---------------------------------------------------------------------------------X

**THIRD-PARTY COMPLAINT**

Civil Action No.
09-CV-2539 (FB)(JO)

      Third-Party plaintiff, INTEGRATED HVAC SYSTEMS & SERVICES, INC. , by its attorneys, Feldman, Rudy, Kirby & Farquharson, P.C. as and for a Third-Party Complaint against third-party defendants, TWO TREES MANAGEMENT CO. LLC and TWO TREES LLC alleges, upon information and belief, the following:

PARTIES AND VENUE

      1.     Third-Party Plaintiff INTEGRATED HVAC SYSTEMS & SERVICES, INC. was and is a New York corporation with its principal office in the County of Suffolk.

      2.     Prior hereto, plaintiff GREAT AMERICAN INSURANCE COMPANY a/s/o 110 LIVINGSTON DEVELOPMENT LLC commenced a lawsuit against defendant/third-party plaintiff to recover in subrogation property damages paid by GREAT AMERICAN INSURANCE COMPANY to its insured 110 LIVINGSTON DEVELOPMENT pursuant to a policy of insurance issued by GREAT AMERICAN.

3. In that same subrogation action, plaintiff GREAT AMERICAN INSURANCE COMPANY sued defendant BALTIMORE AIRCOIL COMPANY, INC. a foreign corporation with a principal office located in Maryland, and which conducts business in the State of New York.

4. Plaintiff GREAT AMERICAN INSURANCE COMPANY also brought its action against defendant AUTOMATIC SWITCH COMPANY, a foreign corporation doing business in the State of New York with a principal place of business located in the State of New Jersey.

5. Attached hereto as Exhibit "A" and incorporated herein by reference is a copy of the Summons and Complaint served by plaintiff GREAT AMERICAN INSURANCE COMPANY.

6. Upon information and belief, third-party defendant TWO TREES MANAGEMENT CO., LLC. is a New York limited liability company with a principal place of business at 45 Main Street, Brooklyn, New York.

7. Upon information and belief, third-party defendant TWO TREES LLC is a New York limited liability company with business offices in Manhattan and Brooklyn, New York.

## JURISDICTION

8. Jurisdiction in the main action has been based on the diversity of citizenship of the parties pursuant to 28 U.S.C. §1332.

## FACTS

9. As alleged in plaintiff's Complaint, GREAT AMERICAN INSURANCE COMPANY seeks reimbursement for an insurance property claim paid to 110 LIVINGSTON DEVELOPMENT LLC arising out of an incident on or before May 15, 2007 in which it is alleged that a water cooling tower, located on the roof of 110 Livingston Street, Brooklyn, New York, malfunctioned resulting in a discharge of water which caused damaged to the property at 110 Livingston Street owned by 110 LIVINGSTON DEVELOPMENT LLC.

2

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST TWO TREES MANAGEMENT

10. Third-party plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "9" with the same force and effect as though fully set forth herein at length.

11. That on or before May 15, 2007, third-party defendant TWO TREES MANAGEMENT was the general contractor for work, labor and/or services performed at 110 Livingston Street, Brooklyn, New York.

12. That on or before May 15, 2007, third-party defendant TWO TREES MANAGEMENT was a contractor for work, labor and/or services performed at 110 Livingston Street, Brooklyn, New York.

13. That on or before May 15, 2007, 110 LIVINGSTON DEVELOPMENT LLC hired TWO TREES MANAGEMENT to provide and perform certain work, labor and/or services at 110 Livingston Street, Brooklyn, New York.

14. That on or before May 15, 2007, third-party defendant TWO TREES MANAGEMENT was a contractor for work, labor and/or services performed at 110 Livingston Street, Brooklyn, New York on behalf of TWO TREES LLC.

15. That on or before May 15, 2007, third-party plaintiff contracted with TWO TREES MANAGEMENT to perform certain work, labor and/or services at 110 Livingston Street, Brooklyn.

16. That if the allegations in plaintiff's Complaint, all of which are specifically denied by defendant/third-party plaintiff, are established at a trial of this action, then damages sustained by plaintiff's subrogor were the result of the negligence of third-party defendant TWO TREES MANAGEMENT CO., LLC for its negligent maintenance, management, inspections, work directions, supervision, and work performed at 110 Livingston Street, Brooklyn during the course of the renovation project.

17. If plaintiff sustained any of the damages alleged, other than through the negligence of its subrogor, and if defendant/third-party plaintiff is held liable for any portion of those damages, those damages were caused by the negligence and/or omissions of third-party defendant TWO TREES MANAGEMENT with no contributory negligence on the part of defendant/third-party plaintiff.

18. Should plaintiff recover against defendant/third-party plaintiff for any of the alleged damages, third-party defendant TWO TREES MANAGEMENT will be liable in indemnification and/or contribution to defendant/third-party plaintiff on the basis of apportionment of responsibility for all or part of any judgment in such proportion as a court or a jury may direct.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST TWO TREES LLC

19. Third-party plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "18" with the same force and effect as though fully set forth herein at length.

20. That on or before May 15, 2007, third-party defendant TWO TREES LLC was the general contractor for work, labor and/or services performed at 110 Livingston Street, Brooklyn, New York.

21. That on or before May 15, 2007, third-party defendant TWO TREES LLC was a contractor for work, labor and/or services performed at 110 Livingston Street, Brooklyn, New York.

22. That on or before May 15, 2007, 110 LIVINGSTON DEVELOPMENT LLC hired TWO TREES LLC to provide and perform certain work, labor and/or services at 110 Livingston Street, Brooklyn, New York.

23. That on or before May 15, 2007, third-party defendant TWO TREES LLC was a contractor for work, labor and/or services performed at 110 Livingston Street, Brooklyn, New York on behalf of TWO TREES MANAGEMENT.

24. That on or before May 15, 2007, third-party plaintiff contracted with TWO TREES LLC to perform certain work, labor and/or services at 110 Livingston Street, Brooklyn.

25. That if the allegations in plaintiff's Complaint, all of which are specifically denied by defendant/third-party plaintiff, are established at a trial of this action, then the damages sustained by plaintiff's subrogor were the result of the negligence of third-party defendant TWO TREES LLC for its negligent maintenance, management, inspections, work directions, supervision, and other work performed at 110 Livingston Street, Brooklyn during the course of the renovation project.

26. If plaintiff sustained any of the damages alleged, other than through the negligence of its subrogor, and if defendant/third-party plaintiff is held liable for any portion of those damages, those damages were caused by the negligence and/or omissions of third-party defendant TWO TREES LLC with no contributory negligence on the part of defendant/third-party plaintiff.

27. Should plaintiff recover against defendant/third-party plaintiff for any of the alleged damages, third-party defendant TWO TREES LLC will be liable in indemnification and/or contribution to defendant/third-party plaintiff on the basis of apportionment of responsibility for all or part of any judgment in such proportion as a court or a jury may direct.

Wherefore, the defendant/third-party plaintiff INTEGRATED HVAC SYSTEMS & SERVICES, INC. demands judgment dismissing the plaintiff's Complaint and further demands, in the event the plaintiff recovers judgment against INTEGRATED HVAC, judgment for contribution and indemnification as against third-party defendants TWO TREES MANAGEMENT CO., LLC and TWO TREES LLC, together with the costs and disbursements of this action.

| | |
|---|---|
| Date:  Westbury, New York<br>         November 2, 2009 | FELDMAN, RUDY, KIRBY<br>& FARQUHARSON, P.C.<br>Attorneys for defendant/third-party plaintiff<br>INTEGRATED HVAC SYSTEMS &<br>SERVICES, INC. |

_____
BY: GERALD F. KIRBY, ESQ. (3540)
1400 Old country Road, Suite 301
Westbury, NY 11590
gkirby@feldmanrudy.com
(516) 334-2500

5